IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BEN ARCHER HEALTH CENTER,

    Plaintiff,

v.

                                  No. 2:25-cv-00521-MLG-DLM

HARTFORD FIRE INSURANCE
COMPANY,

    Defendant.

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S PARTIAL MOTION TO DISMISS**

When it rains it pours. And recently, this District has seen a flood of cases alleging that insurance companies have failed to uphold their obligations to compensate insureds for property damage caused by storms. This dispute is yet another example.

**BACKGROUND**[1]

Several of Plaintiff Ben Archer Health Center's ("Archer") properties in Las Cruces and Hatch, New Mexico, ("Properties") sustained damage from storms on or about June 3,[2] July 15, and November 1, 2023. Doc. 1 at 3 ¶ 11, 4 ¶¶ 20, 28. At the time, the Properties were insured by a policy ("Policy") provided by Defendant Hartford Fire Insurance Company ("Hartford"). *Id.* at 2 ¶ 7, 3 ¶ 14, 4 ¶¶ 22, 30. Per the contract, Hartford agreed to insure the Properties "from certain property and casualty perils." *Id.* ¶¶ 7-8. Archer complied with its obligations under that

---

[1] The Court takes these facts from Archer's complaint, Doc. 1 ("Complaint"), and deems them to be true for purposes of this Opinion.

[2] According to the Complaint, Archer and Hartford's "contractors or agents" mutually picked the date June 3, 2023, but the claim "was subsequently denied without reason or justification." Doc. 1 at 3 ¶ 11.

1

agreement—including payment of premiums—but Hartford did not hold up its end of the bargain. *Id.* at 2 ¶ 8, 5 ¶¶ 33-35, 37-40.

In support of that allegation, Archer contends that after Hartford initially denied its insurance claim arising from the June 3 storm, Archer hired a third party, Chris Lamego, to assess the damage. *Id.* at 3 ¶¶ 16-17. Although Lamego provided Hartford with a report finding that (in his opinion) the two Las Cruces properties sustained damage totaling $345,111.85, Hartford paid only $2,338.11. *Id.* ¶¶ 18-19. Archer also hired Lamego to calculate the damage sustained at a property in Hatch during the November 1 storm. *Id.* at 4 ¶ 24. Lamego assessed the total damage to that property at $72,049.72 and sent his findings to Hartford. *Id.* ¶¶ 24, 26. Again, Hartford ultimately paid just $2,338.11. *Id.* ¶ 27. Based on these facts, Archer alleges Hartford failed to "properly investigate, adjust, and pay for the damages to Plaintiff's Property pursuant to the terms of the Policy . . . ." *Id.* at 5 ¶ 35.

Hartford filed a partial motion to dismiss ("Motion"), Doc. 4, arguing that several counts (Counts II, III, and IV) in Archer's Complaint fail to state a claim under Federal Rule of Civil Procedure 12(b)(6).

## LEGAL STANDARD

A claim may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). But "[g]ranting a motion to dismiss is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." *Howl v. Alvarado*, 783 F. App'x 815, 818 (10th Cir. 2019) (internal quotation marks omitted) (quoting *Dias v. City & Cty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009)); *see also Peterson v. Jensen*, 371 F.3d 1199, 1201 (10th Cir. 2004) ("A motion to dismiss

for failure to state a claim is viewed with disfavor and is rarely granted." (internal quotation marks omitted) (quoting *Lone Star Indus. Inc. v. Horman Fam. Tr.*, 960 F.2d 917, 920 (10th Cir. 1992))).

When considering a Rule 12(b)(6) motion, the Court takes all well-pleaded facts as true, views all facts in the light most favorable to the non-movant, and draws all reasonable inferences in favor of the non-movant. *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002). The complaint must contain sufficient factual allegations "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). But this hurdle is low. As the Tenth Circuit explains, "the Rule 12(b)(6) standard doesn't require a plaintiff to 'set forth a prima facie case for each element'" of a claim. *George v. Urban Settlement Servs.*, 833 F.3d 1242, 1247 (10th Cir. 2016) (quoting *Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

## DISCUSSION[3]

### I. The Unfair Insurance Claims Practices Act ("UIPA") (Count II)

Archer asserts Hartford violated Sections 59A-16-20(A), (E), (G), and (N) of the UIPA. Doc. 1 at 6-7 ¶¶ 52-53; *see also* Doc. 7 at 3-5. Hartford argues "there are no factual allegations in any part of the Complaint that would support a finding that Hartford engaged in any of the unfair practices listed [by Archer]." Doc. 4 at 5. The Court disagrees. The Complaint alleges that Archer's insurance claims were for losses covered by the Policy, that Hartford paid just a fraction of the

---

[3] As this is a diversity case, the Court applies New Mexico law to determine whether Archer's claims survive. *See, e.g., Armijo v. Ex Cam, Inc.*, 843 F.2d 406, 407 (10th Cir. 1988) ("In a diversity action, the federal courts are required to apply the law of the forum state." (citation omitted)).

3

estimated cost of damage to the Properties, and that it did so only *after* Archer hired a third party to assess the damage. Doc. 1 at 3 ¶¶ 14, 16-19, 4 ¶¶ 24-27, 5 ¶ 33. At this stage of litigation, these factual allegations are sufficient to state claims under NMSA 1978, Section 59A-16-20(E) and (G), which prohibit "not attempting in good faith to effectuate prompt, fair and equitable settlements of an insured's claims in which liability has become reasonably clear," and "compelling insureds to institute litigation to recover amounts due under policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds when such insureds have made claims for amounts reasonably similar to amounts ultimately recovered," respectively. *Cf. Corrales Ventures, LLC v. Union Ins. Co.*, 643 F. Supp. 3d 1247, 1258 (D.N.M. 2022) ("[A] reasonable jury could find that [Defendant] Union compelled [Plaintiff] Corrales Ventures to institute litigation to recover amounts due under the policy by offering substantially less tha[n] the amount Corrales Ventures may recover in its breach of contract claim (assuming Corrales Ventures recovers an amount that is reasonably similar to the amount it claimed prior to instituting this lawsuit.)").

Archer also asserts that Hartford failed to explain why it denied Archer's first insurance claim, Doc. 1 at 3 ¶ 11, in violation of Section 59A-16-20(N)'s prohibition against "failing to promptly provide an insured a reasonable explanation of the basis relied on in the policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement." Doc. 7 at 4-5. Archer additionally claims that Hartford "misrepresent[ed] . . . pertinent facts or policy provisions relating to coverages at issue," NMSA 1978, § 59A-16-20(A), by denying Archer's claim and refusing to make a payment, despite its obligation to do so under the Policy. Doc. 7 at 3. Taking these allegations as a collective whole, and viewing them as true, the Court concludes the Complaint provides a plausible ground to infer that Hartford violated Section 59A-

4

16-20(A), (E), (G), and (N), which is all the federal pleading standard requires. *See Twombly*, 550 U.S. at 556 ("Asking for plausible grounds to infer [wrongdoing] does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [the alleged wrongdoing].").

## II. The Unfair Practices Act ("UPA") (Count III)

The UPA prohibits "[u]nfair or deceptive trade practices and unconscionable trade practices in the conduct of any trade or commerce . . . ." NMSA 1978, § 57-12-3 (1971). "[T]here are three essential elements to a UPA claim." *Hicks v. Eller*, 2012-NMCA-061, ¶ 18, 280 P.3d 304 (citation omitted). The plaintiff must (1) prove that "the defendant made an oral or written statement, a visual description or a representation of any kind that was either false or misleading"; (2) demonstrate that "the false or misleading representation was knowingly made in connection with the sale, lease, rental, or loan of goods or services in the regular course of the defendant's business"; and (3) show that "the representation was of the type that may, tends to, or does deceive or mislead any person." *Lohman v. Daimler-Chrysler Corp.*, 2007-NMCA-100, ¶ 5, 142 N.M. 437, 166 P.3d 1091.

Relevant here, the Complaint alleges that "Hartford agreed to pay for direct physical loss or damage to the Property caused by risks of direct physical loss or damage unless otherwise limited or excluded and to pay all amounts owed for such losses." Doc. 1 at 3 ¶ 9. Archer claims that the cost of the property damage was significantly more than what Hartford ultimately paid, even though the damage constituted covered losses under the Policy. *See id.* ¶¶ 16-19; *id.* at 4 ¶¶ 24-27; *id.* at 5 ¶¶ 35-37. Accepting these factual allegations as true, the Court can reasonably infer that Hartford represented to Archer that it would pay for more damage under the Policy than it did, that it made this representation in the regular course of its business selling insurance, and that the

representation may, would tend to, or did deceive or mislead. *See Lohman*, 2007-NMCA-100, ¶ 5; *Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (citing *Twombly*, 550 U.S. at 556)). Accordingly, Archer has "state[d] a plausible claim for relief" under the UPA. *See Iqbal*, 556 U.S. at 678-79.

### III.   Implied Covenant of Good Faith and Fair Dealing (Count IV)

"Whether express or not, every contract in New Mexico imposes the duty of good faith and fair dealing upon the parties in the performance and enforcement of the contract" unless the contract contains express provisions "that specifically cover the same subject matter." *Cont'l Potash, Inc. v. Freeport-McMoran, Inc.*, 1993-NMSC-039, ¶¶ 56, 64, 115 N.M. 690, 858 P.2d 66 (citation omitted). In the context of insurance contracts,[4] the implied covenant of good faith and fair dealing requires that "the insurer . . . not injure its policyholder's right to receive the full benefits of the contract." *Dairyland Ins. Co. v. Herman*, 1998-NMSC-005, ¶ 12, 124 N.M. 624, 954 P.2d 56. To state a claim for breach of the duty, a plaintiff-insured must allege that the defendant-insurer withheld a benefit under the insurance policy or otherwise prevented the contract's performance. *See Azar v. Prudential Ins. Co. of Am.*, 2003-NMCA-062, ¶ 51, 133 N.M. 669, 68 P.3d 909 (providing that the implied duty of good faith and fair dealing "is breached only when a party seeks to prevent the contract's performance or to withhold its benefits from the other

---

[4] New Mexico's courts recognize a special relationship between insurers and insureds "due to 'the inherent lack of balance in and adhesive nature of the relationship, as well as the quasi-public nature of insurance and the potential for the insurer to unscrupulously exert its unequal bargaining power at a time when the insured is particularly vulnerable.'" *Sherrill v. Farmers Ins. Exch.*, 2016-NMCA-056, ¶ 36, 374 P.3d 723 (quoting *Dellaira v. Farmers Ins. Exch.*, 2004-NMCA-132, ¶ 14, 136 N.M. 552, 102 P.3d 111)). Indeed, "[a]n insured is particularly vulnerable at the point following a loss when the insured makes a claim for the loss." *Dellaira*, 2004-NMCA-132, ¶ 14. "Absent the prospect of damages for bad faith breach, the entity performing claims determination has no incentive to pay in good faith." *Id.* (citation modified).

party"). An insurer may deny "a claim without exposure to bad faith if it has reasonable grounds to deny coverage," but this requires "a reasonable investigation of the claim." *Am. Nat'l. Prop. & Cas. Co. v. Cleveland*, 2013-NMCA-013, ¶ 13, 293 P.3d 954.

Here, Archer alleges that Hartford failed to properly investigate the insurance claims, initially denied at least one of the claims even though the property damage was covered under the Policy, and later agreed to pay only a small portion of the estimated property damage. Doc. 1 at 3-4 ¶¶ 11-27, 5 ¶¶ 33, 35, 37-38, 40. Accepting these contentions as true, and construing them in Archer's favor, the Complaint sufficiently states a claim for a breach of the implied covenant of good faith and fair dealing under New Mexico law.

## CONCLUSION

The Court denies Hartford's Motion. It is so ordered.

UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA